**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAYMOND JOHNSON,

    Respondents-Appellees.

No. 05-1283

(D.C. No. 02-CR-00228-WDM)
(D. Colo.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

Defendant Raymond Johnson seeks a certificate of appealability (COA) to appeal the district court's denial of relief pursuant to 28 U.S.C. § 2255. Johnson filed a motion under Fed. R. Civ. P. 60(b)(5) and (6) challenging the integrity of his February 2003 sentencing proceeding in light of the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). The district court determined that Johnson's motion was in substance a § 2255 habeas petition, and concluded that the motion was time-barred under the applicable one-year limitations period. Moreover, the district court noted that even if Johnson's motion was timely, it would be denied because Booker does not retroactively apply to his case. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we deny Johnson's request for a COA and dismiss this

matter.

## I. BACKGROUND

On May 22, 2002, a federal grand jury returned an indictment charging Johnson with distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 1), and possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Count 2). On September 20, 2002, Johnson pled guilty to Count 2. Subsequently, the government filed a motion for downward departure pursuant to § 5K1.1 of the United States Sentencing Guidelines. On February 27, 2003, the district court departed downward from the otherwise applicable range of 121-151 months, and imposed a sentence of 78 months. That same day, the government moved to dismiss Count 1, which the district court granted.

Johnson did not appeal his judgment of conviction, which was entered on March 4, 2003. Thus, his conviction became final on March 18, 2003, ten business days after the date of entry of judgment. See Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); Fed. R. App. P. 4(b)(6) ("A judgment or order is entered . . . when it is entered on the criminal docket"); Fed. R. App. P. 26(a)(2) ("Exclude intermediate Saturdays, Sundays, and

2

legal holidays when the period is less than 11 days, unless stated in calendar days."). Furthermore, since his conviction became final, Johnson has not filed a federal habeas petition pursuant to § 2255. On April 1, 2005, Johnson filed a motion seeking relief under Fed. R. Civ. P. 60(b)(5) and (6), which is the subject of his application for a COA.

## II. DISCUSSION

In his Rule 60(b) motion, Johnson asked the district court to reconsider his sentencing in light of the post-Booker legal landscape. Specifically, he argued that his sentencing proceeding was flawed because the then-mandatory Guidelines regime prohibited the district court from considering the sentencing factors set forth under 28 U.S.C. § 3553(a). Only by giving careful attention to all relevant facts, Johnson contended, would the integrity of his sentencing proceeding be entitled to prospective effect. Johnson believed that his Rule 60(b) motion was the appropriate avenue for his challenge because it was designed to cure procedural violations in an earlier proceeding, and Booker was "a procedural overruling and not a substantive, watershed one." Vol. I., Doc. 46, at 4.

The district court construed Johnson's Rule 60(b) motion as a § 2255 petition he was attacking the validity of his conviction based on a recent Supreme Court decision. The district court determined that construing Johnson's motion as a § 2255 petition would not prejudice Johnson because any other claims he could have

3

included in a § 2255 petition were barred by the applicable one-year limitation period. Moreover, the district court observed that Johnson should not be able to circumvent the one-year limitation by filing a Rule 60(b) motion in lieu of a § 2255 petition. As a result of Johnson mailing his motion on March 30, 2005, well beyond one-year after his conviction became final, and in the absence of any asserted grounds for equitable tolling, the district court concluded that Johnson's § 2255 petition was untimely. Additionally, the district court held that Johnson's <u>Booker</u> argument failed because the ruling did not retroactively apply to cases, such as Johnson's, that were final before the case was decided.

On appeal, Johnson argues that the district court erred in converting his Rule 60(b) motion to a § 2255 habeas petition. First, Johnson is adamant that he is only challenging the integrity of his sentencing proceeding, as opposed to attacking his conviction or sentence. Second, Johnson contends that the district court should have given him prior warning before construing his motion as a § 2255 petition, and that the court's action limited his future § 2255 filings and deprived him of any consideration on the merits of his Rule 60(b) motion.

Unless a petitioner first obtains a COA, no appeal may be taken from a final order disposing of a § 2255 petition. <u>See</u> 28 U.S.C. § 2253(c)(1)(B). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Johnson has not made such a showing

4

here.

As an initial matter, we observe that Johnson repeatedly argues that the Supreme Court's recent decision in Gonzalez v. Crosby, 125 S.Ct. 2641 (2005) controls the outcome of his case. In Gonzalez, the petitioner filed a Rule 60(b) motion after the district court denied his § 2254 habeas petition pursuant to the Antiterrorism and Effective Death Penalty Act of 1996's statute of limitations provision, 28 U.S.C. § 2244(d). Id. at 2644. The Supreme Court addressed the circumstances when a Rule 60(b) motion should be considered a "second or successive" habeas petition and therefore subject to the restrictions imposed for such petitions. Id. The Supreme Court held that a Rule 60(b)(6) motion in a § 2254 case must be treated as a successive habeas petition if it asserts or reasserts a substantive claim to set aside the petitioner's state conviction, as opposed to a defect "in the integrity of the federal habeas proceedings." Id. at 2648, 2651. The petitioner's claim in Gonzalez fell in the latter category, as it alleged that the "federal courts misapplied the federal statute of limitations set out in § 2244(d)." Id. at 2648.[1]

Here, we are not asked to determine whether a Rule 60(b) motion filed in a federal habeas proceeding should be considered as a successive habeas petition. Rather, we must determine whether Johnson's Rule 60(b) motion, filed in his original

---

[1] Although the Supreme Court concluded that Gonzalez's motion should not have been treated as a successive § 2254 petition, the Court proceeded to deny relief to Gonzalez on his challenge to the district court's statute of limitation ruling. Id. at 2650.

5

criminal case, is in substance his first § 2255 habeas petition. A brief look at Johnson's Rule 60(b) motion confirms that he is challenging the validity of his sentence, despite his allegations to the contrary. Therefore, the district court properly characterized Johnson's Rule 60(b) motion as a § 2255 petition. See Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Moreover, we emphasize that while Federal Rule of Civil Procedure 60(b) has a "valid role to play in habeas cases," Gonzalez, 125 S.Ct. at 2649, it does not provide relief from judgment in a criminal case, United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).

Johnson expresses some concern that the district court's recharacterization of his motion will submit him to the restrictions imposed for any second and successive § 2255 applications. See 28 U.S.C § 2255 (requiring a litigant to obtain authorization from a court of appeals to file a second or successive § 2255 petition by showing "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Johnson, however, will not suffer any prejudice. In Castro v. United States, the Supreme Court held that a district court "cannot . . . recharacterize a pro se litigant's motion as the litigant's first § 2255

6

motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." 540 U.S. 375, 377 (2003) (emphasis in original). Johnson's remedy for the district court's failure to provide notice is that his "recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision." Id. at 377. In reality, this remedy would not benefit Johnson because of the one-year limitation period which applies to a § 2255 petition. The one-year limitation period, as calculated from the date on which Johnson's conviction became final, March 18, 2003, effectively bars the vast majority of the claims Johnson may have asserted in an initial § 2255 petition, including his present Booker claim.[2]

---

[2]    Section 2255's one-year statute of limitations runs from the latest of–

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(continued...)

7

Even assuming Johnson's § 2255 petition was timely, it unquestionably fails on the merits. This circuit, like all other circuits which have examined the issue, have held that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005." United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005). Because Johnson's conviction was already final on March 18, 2003, he may not benefit from Booker.

Accordingly, we DENY Johnson's request for a COA and DISMISS this matter. We also GRANT Johnson's motion to proceed in forma pauperis.

Entered for the Court

Mary Beck Briscoe<br>
Circuit Judge

---

[2](...continued)
28 U.S.C. § 2255. Johnson's Booker argument does not trigger subsections (2), (3), or (4).