**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GREGORY E. GRAHAM,

      Defendant - Appellant.

No. 06-8092
(D.C. No. 05-CR-78-J)
(D. Wyo.)

**ORDER**<sup>*</sup>

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Gregory E. Graham, a federal prisoner proceeding pro se,

appeals the district court's denial of his Federal Rules of Civil Procedure 60(b) motion,

which was filed during the pendency of his direct appeal from his criminal conviction. In

that motion, Mr. Graham challenged the validity of his conviction for lack of subject

matter jurisdiction. We dismiss the appeal because it is procedurally defective.

---

    * After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Graham was charged with one count of conspiracy to distribute and to possess with intent to distribute cocaine base, and to use a place where cocaine base is manufactured, distributed and used, in violation of 21 U.S.C. §§ 846, 841(a)(1)(A), and 856(a)(1). After seven days of jury trial, Mr. Graham pleaded guilty. Although he subsequently moved to withdraw his guilty plea, the district court denied his request and sentenced him to 300 months' imprisonment. Mr. Graham timely appealed the district court's November 7, 2005 judgment. He challenged the denial of his motion to withdraw his guilty plea. *See United States v. Graham*, 466 F.3d 1234 (10th Cir. 2006).

On May 30, 2006, while his direct appeal was pending, Mr. Graham filed a pleading entitled "Motion to Vacate FRCivP Rule 60 (b)(4) by Restricted Appearance and Special Visitation." He claimed that the criminal judgment was void ab initio because: (1) the United States of America is an entity separate from the United States, thus the United States of America did not have standing to prosecute him; (2) the court committed fraud on him by prosecuting him under admiralty and maritime jurisdiction instead of criminal jurisdiction as represented to him; (3) the federal scheme impermissibly fosters "class discrimination" by systematically excluding "State" citizens (as distinct from "federal" citizens) from serving on grand juries and trial juries; and (4) the indictment failed to state a claim.

Although Mr. Graham filed his motion in his original criminal case, the court clerk opened a civil case on receipt of Mr. Graham's motion. Before denying his motion on the

merits, the district court first noted that the court clerk misinterpreted the import of Mr. Graham's Rule 60(b) motion by classifying it as one brought under 28 U.S.C. § 2255. Therefore, the court dismissed the civil case without prejudice. Second, the district court denied Mr. Graham's Rule 60(b) motion finding that the Federal Rules of Civil Procedure did not apply in criminal cases. The court referred Mr. Graham to 28 U.S.C. § 2255 for guidance regarding the appropriate means for raising his challenges.

On August 3, 2006, Mr. Graham filed a pleading entitled "Motion for Reconsideration and Declaratory Judgment" which the court denied, on October 23, 2006. Not satisfied, Mr. Graham subsequently filed a "Motion for Default Judgment" which the court likewise denied.

Mr. Graham filed his notice of appeal on November 3, 2006 challenging the district court's "denial of his Motion to Vacate Judgement [sic] ab initio, pursuant to Fed Rules of Civil Procedure, Rule 60(b)(4)." *See* R. Vol. I, Doc. 10, at 1 (Notice of Appeal, dated November 3, 2006.)

## II. DISCUSSION

We accept, as did the district court, Mr. Graham's characterization of his motion as one filed pursuant to Federal Rules of Civil Procedure 60(b). As an initial matter, we agree with the district court that Rule 60(b) is not applicable in criminal cases. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curium); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curium). However, we conclude that the district court did not have jurisdiction to deny Mr. Graham's Rule 60(b) motion on

3

this, or any, basis.

"The filing of a notice of appeal [pursuant to Federal Rules of Appellate Procedure 3] is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curium); *United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996). Further, Rule 60(b) is not an independent source of jurisdiction. *United States v. Ramirez*, 211 Fed. Appx. 712, 714 (10th Cir. 2007) (unpublished); *United States v. Triplett*, 166 Fed. Appx. 362, 365-66 (10th Cir. 2006) (unpublished).

Lacking jurisdiction to entertain the Rule 60(b) motion, the district court could have either dismissed it for lack of jurisdiction, or recharacterized it as a motion cognizable under the federal criminal rules. *Triplett*, 166 Fed. Appx. at 366. Recharacterization of the latter type would have been futile: no post-judgment motion under a relevant federal criminal rule would have afforded Mr. Graham any relief "because of time limits and subject matter." *Id.* And another possible avenue of recharacterization – recharacterization to a petition under 28 U.S.C. § 2255 – was foreclosed by Mr. Graham's specific contrary request.[1] Therefore, the only appropriate

---

[1] In his response to a government filing, Mr. Graham wrote, "[t]he face of [the] Rule 60(b) Motion states specifically said Motion is a Rule 60(b) not a 28 USC, § 2255 [motion]. A 28 USC, § 2255 Motion would be untimely because of the ongoing direct appeal." R. Vol. I, Doc. 5, at 2 (Petitioner's Response to Government's Motion to Dismiss Petitioner's Motion to Vacate, filed June 13, 2006.)

4

course of action open to the district court was to dismiss Mr. Graham's motion for lack of jurisdiction. But it did not follow this course. We rectify its error on appeal.

Because the district court did not have jurisdiction to deny Mr. Graham's Rule 60(b) motion, we vacate the district court's order denying the motion and direct the district court to dismiss it.

### III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is **VACATED**, and the case is **REMANDED** for entry of an order dismissing for lack of jurisdiction Mr. Graham's Federal Rules of Civil Procedure 60(b) motion.

Entered for the Court


Jerome A. Holmes
Circuit Judge

5