FILED
United States Court of Appeals
Tenth Circuit

**January 2, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD LEE SPRY,

Defendant-Appellant.

No. 07-1315
(D.C. Nos. 07-CV-1631-WDM) and
98-CR-00180-WDM)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Edward Lee Spry, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of relief pursuant to 28 U.S.C. § 2255. Spry filed a motion under Fed. R. Civ. P. 60(b)(4) & (6) challenging his 2003 conviction on two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) & (2). Construing Spry's Rule 60(b) motion as a request for relief pursuant to § 2255, the district court dismissed the motion as time-barred by the applicable one-year limitations period. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

# I

On May 5, 1998, a federal grand jury returned a five-count indictment against Spry, alleging two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d); two counts of using and carrying a firearm during and in relation to a crime of violence in violation of § 924(c)(1) & (2); and one count of a being a convicted felon in possession of a firearm in violation of §§ 922(g)(1) & 924(a)(2). Pursuant to an agreement with the government, Spry pleaded guilty to the two counts of using and carrying a firearm during and in relation to a crime of violence, and the remaining counts were dismissed. The district court accepted Spry's plea and on January 31, 2003, sentenced Spry to consecutive terms of imprisonment of 60 months on the first count and 216 months on the second count. Spry's judgment of conviction was entered on February 5, 2003. He did not directly appeal either his conviction or his sentence.

On May 20, 2007, Spry filed a "Motion to Reopen His Case From Final Judgment" under Fed. R. Civ. P. 60(b)(4) & (6), in which he put forth two reasons that the district court should set aside his judgment of conviction. He first claimed that the trial court "committed jurisdictional[,] procedural, structural, and substantial error" because he was convicted of using a firearm during and in relation to a crime of violence but had not been convicted of the underlying crime of violence (i.e., armed bank robbery). Second, Spry contended that because the trial court dismissed the underlying armed bank robbery charges to which he was

originally subject, he is actually innocent of using a firearm during and in relation to a crime of violence.

Recognizing that Rule 60(b) has no applicability to criminal proceedings, see United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam), the district court construed Spry's pro se motion as a 28 U.S.C. § 2255 motion for habeas relief. Although the court acknowledged that it should not automatically convert a motion in a criminal case to a § 2255 motion, see United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000), it concluded that doing so in this case would be harmless. Given that Spry had filed his motion more than four years after his conviction became final, the court found that his request was untimely. It also concluded that Spry had not alleged extraordinary circumstances to justify equitable tolling of the limitations period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Accordingly, the court dismissed the motion as time-barred and subsequently denied a COA. Spry thereafter filed the present appeal and motion for a COA.[1]

---

[1] Spry may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Spry to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

**II**

On appeal, Spry argues that the district court erred in converting his Rule 60(b) motion to a § 2255 motion. Relying on <u>Castro v. United States</u>, 540 U.S. 375 (2003), Spry contends that the district court was required to inform him of its intent to convert his motion and that it failed to do so. Because the district court's conversion of his motion will subject any subsequent § 2255 motion he may file to the restrictions on second and successive § 2255 applications, Spry claims that we must reverse the district court's decision. <u>See</u> 28 U.S.C. § 2255 (requiring a movant to obtain authorization from a court of appeals to file a second or successive § 2255 motion by showing "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

Although Spry is correct that the district court should have informed him of its intent to construe his Rule 60(b) motion as a § 2255 motion, Spry is incorrect about the appropriate remedy for the district court's failure to do so. In <u>Castro</u>, the Supreme Court held that a district court

> cannot . . . recharacterize a pro se litigant's motion as the litigant's first § 2255 motion <u>unless</u> the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will

- 4 -

subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

540 U.S. at 377. But the Court also held that the appropriate remedy for the district court's failure to provide such notice is that the "recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision." Id. Thus, although the district court erred in failing to provide Spry with notice about its intent to recharacterize the motion, his remedy is not reversal but rather that his motion will not count toward § 2255's second or successive provision.

As a practical matter, this remedy provides little benefit to Spry because of the one-year limitation period which applies to a § 2255 motion.[2] This limitation

---

[2] Section 2255's one-year period of limitation runs from the latest of:

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Spry did not allege claims implicating subsections (2)-(4), the district court correctly concluded that § 2255's one-year limitation period began to run on the date on which his judgment of conviction became final. Spry's conviction became final on February 20, 2003, when his time for filing a notice of appeal expired. See United States v. Burch, 202 F.3d 1274,

(continued...)

period, as calculated from the date on which Spry's conviction became final, effectively bars the vast majority of the claims Spry may have asserted in an initial § 2255 motion, including his present claims. Discerning no extraordinary circumstances that would justify application of equitable tolling to Spry's untimely request for relief, see Miller, 141 F.3d at 978, we agree with the district court that Spry's motion on the merits is time-barred.

Accordingly, we **DENY** Spry's request for a COA and **DISMISS**. We **GRANT** Spry's motion to proceed in forma pauperis.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[2](...continued)
1276 (10th Cir. 2000); Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal must be filed within ten days after the entry of judgment); 4(b)(6) (judgment is entered when it is entered on the criminal docket); 26(a)(2) (excluding intermediate Saturdays, Sundays or legal holidays if the period is less than eleven days). He thus had one year from that date in which to file a motion for relief under § 2255.