IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-40599
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERT L MCDORMAN

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-60-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert McDorman ("McDorman") pled guilty to bank fraud subject to a plea agreement which ordered him to pay $3,374,256.21 in restitution to Mauriceville National Bank ("MNB"). In a later civil action, a jury found that MNB was in pari delicto with McDorman, and should therefore not recover under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO) or Texas law. See Rogers v. McDorman, 521 F.3d 381

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2008) (relating the facts and upholding the jury's verdict). McDorman now challenges the criminal restitution order, arguing that because MNB was found to be in pari delicto it would be inequitable to award it the ordered restitution.

McDorman argues that the restitution is civil in nature, so the district court should reconsider its order under Rule 60(b) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure, however, "govern the procedure in all civil actions and proceedings," FED. R. CIV. P. 1, while the Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings," FED. R. CRIM. P. 1(a)(1). The word "action" as used in the Federal Rules of Civil Procedure denotes "the entire controversy." Hargrave v. Oki Nursery, Inc., 646 F.2d 716, 719 (2d Cir. 1980). "Proceeding" means "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." BLACK'S LAW DICTIONARY 1241 (8th ed. 2004). There is no dispute that restitution was ordered as part of McDorman's criminal case, and not as part of any civil action or proceeding. The penal or compensatory nature of the restitution does not alter the fact that this was a criminal case governed by the Federal Rules of Criminal Procedure. The "Federal Rules of Civil Procedure do not apply to criminal cases." United States v. Jaimes-Jurado, 254 F. App'x 341, 342 (5th Cir. 2007) (unpublished); see also United States v. Graham, 248 F. App'x 929, 931 (10th Cir. 2007) (unpublished) ("Rule 60(b) is not applicable in criminal cases."). McDorman's arguments pursuant to Rule 60(b) thus fail.

In the alternative, McDorman argues for the first time on appeal that we should issue a writ of coram nobis to deny restitution to MNB or that we should

view the take-nothing civil judgment as a subsequent recovery for MNB. But MNB recovered nothing from the civil case, and so there has been no satisfaction of the restitution ordered. Nor do we conclude that a later take-nothing judgment by a civil jury constitutes an error by the criminal court "of the most fundamental character" that it would justify a writ of coram nobis. See United States v. Morgan, 346 U.S. 502, 512 (1954). McDorman voluntarily agreed as part of his plea agreement to pay MNB $3,374,256.21. He has provided no grounds that would lead us to invalidate that agreement years after the judgment in his criminal case has become final.

For the foregoing reasons, the judgment of the district court is AFFIRMED.