**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LON PERRY EDGE,

      Defendant-Appellant.

Nos. 08-7045 and 08-7047

(E.D. of Okla.)

(D.C. No. CR-05-86-RAW)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Lon Perry Edge, a federal prisoner proceeding pro se,[1] appeals the district

court's denial of his two Federal Rule of Civil Procedure 60(b) motions and his

Federal Rule of Criminal Procedure 6(e) motion. All three of these motions were

filed after he was tried and convicted on three firearms and ammunition charges,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Edge proceeds pro se, we construe his pleadings liberally.
*United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994).

and after his conviction was affirmed by this court on direct appeal. *United States v. Edge*, 238 F. App'x 366 (10th Cir. June 27, 2007). In his two Rule 60(b) motions, Edge challenged the validity of his conviction on various grounds, including claims that (1) the government committed fraud in his criminal proceeding, (2) his constitutional rights were violated, and (3) the government withheld exculpatory evidence. We dismiss his appeal on these motions because it is procedurally defective.

In his Rule 6(e) motion, Edge sought access to the transcript of the grand jury proceedings from his criminal case. He apparently claimed, among other things, that he was subject to selective prosecution, certain witnesses perjured themselves, and a fraud on the court was perpetrated by various government officials. We agree with the district court in finding that his Rule 6(e) motion lacked particularity and failed to overcome the presumption of secrecy afforded grand jury proceedings.

Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Detailed facts of Edge's criminal case are set forth in our earlier opinion. *Edge*, 238 F. App'x 366. We therefore only briefly summarize the pertinent issues. In 2006, a jury convicted Edge of possession of a firearm while subject to a domestic-relations protective order and one count of possession of ammunition

while subject to the same protective order, all violations of 18 U.S.C. § 922(g)(8).[2]  *Id.* at 367.  He was sentenced to 44 months' imprisonment.  *Id.*

Edge then appealed to this court, alleging insufficient evidence to support his conviction and various sentencing errors.  *Id.* at 367–68.  Determining that none of his claims had any merit, we affirmed both his conviction and the sentence.  *Id.* at 368–70.

Subsequently, Edge filed three motions in district court.  In two documents he labeled "Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)," Edge sought relief from his criminal conviction alleging, among other things, that his constitutional rights were violated, that the government withheld exculpatory evidence, that the government committed fraud on the court, and that his conviction was "void."  R., Vol. I, Docs. 79, 80.  The district court recognized that Federal Rule of Civil Procedure 60(b) has no application to a criminal proceeding, declined to construe these motions as a 28 U.S.C. § 2255 petition, and denied Edge's two motions.

In his third motion, Edge sought disclosure of testimony and evidence from the grand jury proceeding in his criminal case.  The district court, however, could not decipher his motion.  Although it appeared Edge was claiming some sort of

---

[2]  Prior to his trial in federal court, Edge was charged in state court on five counts relating to the same weapons possession and various traffic violations. *Edge*, 238 F. App'x at 368.  He was acquitted on two charges and the state dismissed the remaining three. *Id.*

government misconduct, the district court noted that his supporting claims in the motion were "nonsensical."  As a result, the district court denied the motion, finding Edge had failed to show a particularized need for the materials and had failed to demonstrate that the need for disclosure outweighed the public interest in the material's continued secrecy.

Edge now appeals the district court's denials of all three motions.[3]

## II.  Analysis

As an initial matter, because our power to review any decision, "including decisions involving a lower court's subject matter jurisdiction," depends on our appellate jurisdiction, "the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes." *In re Lang*, 414 F.3d 1191, 1195 (10th Cir. 2005) (quotations omitted).  We have jurisdiction over the district court's denials of Edge's Rule 60(b) motions because the denials are separably appealable, independent of any judgment by the district court.  *Id.* at 1195–96; *Stouffer v. Reynolds*, 168 F.3d 1155, 1172 (10th Cir. 1999).  But, as discussed below, it is clear the district court did not have jurisdiction to consider Edge's Rule 60(b) motions.  Consequently, our review is limited to the jurisdictional propriety of the district court's order denying Rule 60(b) relief.  *See In re Lang*, 414 F.3d at 1195–96; *Stouffer*, 168 F.3d at 1172.

---

[3]  Edge's appeal of the district court's denial of his two Rule 60(b) motions is 10th Circuit Case No. 08-7045.  His appeal of the denial of his Rule 6(e) motion is 10th Circuit Case No. 08-7047.

We also have jurisdiction to hear Edge's appeal of the district court's denial of his motion for disclosure of the grand jury materials under Rule 6(e) because the district court's order constitutes a final decision under 28 U.S.C. § 1291. *In re Grand Jury 95-1*, 118 F.3d 1433, 1436 (10th Cir. 1997).

We address each of Edge's appeals in turn.

### A. *Edge's Federal Rule of Civil Procedure 60(b) Motions*

Edge's 60(b) motions raise several challenges to his 2006 conviction on firearms and ammunition charges. In particular, he claims his constitutional rights were violated, there was undisclosed exculpatory evidence, the government committed fraud on the court, and his conviction is void. Although his motions were apparently submitted as Federal Rule of *Civil* Procedure 60(b) motions for relief from judgment, in reality, his arguments collaterally attack the disposition of his federal *criminal* proceedings.

The district court correctly determined that Rule 60(b) provides no basis for Edge's requested relief. First, and most importantly, Rule 60(b) does not apply to a criminal proceeding. *United States v. Spry*, 260 F. App'x 52, 54 (10th Cir. Jan. 2, 2008); *United States v. Ramirez*, 211 F. App'x 712, 714 (10th Cir. Jan. 2, 2007); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999) (same). Nor is Rule 60(b) an independent source of jurisdiction in a criminal

-5-

case.  *Ramirez*, 211 F. App'x at 714; *see also United States v. Johnson*, 159 F. App'x 835, 838–39 (10th Cir. Dec. 14, 2005) ("[W]hile Federal Rule of Civil Procedure 60(b) has a 'valid role to play in habeas cases,' it does not provide relief from judgment in a criminal case." (quoting *Gonzales v. Crosby*, 545 U.S. 524, 533–34 (2005), and citing *Mosavi*, 138 F.3d at 1366)).

Second, the district court properly refrained from recharacterizing Edge's motions as a 28 U.S.C. § 2255 petition.  With pro se litigants, federal courts will often ignore the labels attached to a pleading and "recharacterize the motion in order to place it within a different legal category."  *Castro v. United States*, 540 U.S. 375, 381 (2003).  However, with § 2255 motions, peculiar concerns are implicated—namely, a court, by construing a litigants's motion "as a first § 2255 motion . . . may make it significantly more difficult for that litigant to file another such motion."[4]  *Id.* at 382.  For this reason, the Supreme Court limited the lower courts' power to recharacterize various pleadings into a litigant's *first* § 2255 motion.  In particular, the Court observed that

> the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.  If the court fails to do so, the

---

[4]  Under the Antiterrorism and Effective Death Penalty Act of 1996, successive § 2255 motions are substantively and procedurally disadvantaged. *E.g.*, § 2255(h) (limiting the grounds and availability of federal habeas relief on second or successive § 2255 motions).

motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Id.* at 383; *see also United States v. Martin*, 357 F.3d 1198, 1199 (10th Cir. 2004).

Here, Edge specifically requested the district court notify him—pursuant to *Castro*—if it intended to recharacterize his pleadings as his first § 2255 motion. The district court obliged Edge's request and refrained from any recharacterization.[5] *See United States v. Graham*, 248 F. App'x 929, 931 (10th Cir. Sept. 26, 2007) (stating recharacterization to a petition under § 2255 was foreclosed by litigant's "specific contrary request"). Having abstained from construing his two purported Rule 60(b) motions as a federal habeas petition, the district court properly recognized Federal Rule of *Civil* Procedure 60(b) has no application to *criminal* proceedings.

The district court, however, erred in *denying* his motions. Rather, the "only appropriate course of action open to the district court was to *dismiss*" Edge's motions for lack of jurisdiction. *Graham*, 248 F. App'x at 931 (emphasis added). Because the district court did not have jurisdiction to deny Edge's Rule 60(b) motions, we vacate the district court's order denying these motions and direct the district court to enter an order of dismissal.

---

[5] The district court noted the two motions "overlap somewhat, but not completely" and did not want to "attempt to decide which of the motions Defendant may wish to have recharacterized." R., Vol. I, Doc. 81 at 2.

*B. Edge's Federal Rule of Criminal Procedure 6(e) Motion*

Edge also filed a separate motion with the district court seeking to have the contents of grand jury testimony from his 2006 criminal case disclosed. In particular, Edge claims the grand jury testimony would shed light on his self-defense arguments, and evince selective prosecution, perjury, and fraud on the court perpetrated by various law enforcement and other officials.

Having jurisdiction to hear this particular appeal, we review the district court's denial of Edge's Rule 6(e) motion[6] for an abuse of discretion. *In re Grand Jury 95-1*, 118 F.3d at 1437; *In re Lynde*, 922 F.2d 1448, 1451 (10th Cir. 1991) ("[A] court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion." (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979))).

Edge's contentions are without merit. In relevant part, Rule 6(e)(3)(E) provides:

> The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (I) preliminarily to or in connection with a judicial proceeding; [or] (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . .

---

[6] Edge's original motion before the district court was labeled as a "Motion for Discovery under Fed. R. Crim. P. (e)(3)(I) & (ii)" and asked for disclosure of the grand jury proceeding relating to his 2006 criminal case. R., Vol. I, Doc. 78. Because no such Federal Rule of Criminal Procedure exists, the district court properly construed the motion as one pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(I) and (ii).

In *In re Lynde*, we recognized a presumption exists against disclosure of grand jury testimony unless the moving party satisfies the Supreme Court's *Douglas Oil* test. *In re Lynde*, 922 F.2d at 1451–52. Under *Douglas Oil*, parties seeking grand jury materials pursuant to Rule 6(e) must show a "particularized need" *and* "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* (quoting *Douglas Oil*, 441 U.S. at 222).

Edge presents neither a particularized need nor adequately overcomes the presumption against disclosure of the grand jury materials. We agree with the district court that Edge's perfunctory motion failed to assert any comprehensible arguments. The district court did not abuse its discretion in describing his motion as "nonsensical." R., Vol. I, Doc. 82 at 2. Although Edge's motion below contemplates some government wrongdoing, it is entirely unclear what relevance the grand jury testimony from his criminal case has to any judicial proceeding and how such evidence may assist him.[7]

---

[7] In his motion to the district court, Edge does state "Due to the Pending Appeal, I also request it in a timely manner. Time left on Appeal is just over 60 days." R., Vol. I, Doc. 78. We assume he was referencing the Rule 60(b) motions he had filed earlier or perhaps a future timely § 2255 motion. However, even when liberally construed, his motion lacked *any* particularity and was almost entirely incomprehensible.

Therefore, the district court did not abuse its discretion by denying Edge's Federal Rule of Criminal Procedure 6(e)(3)(E) motion because Edge failed to demonstrate (1) a particularized need for the materials, (2) the materials were necessary to avoid injustice in another judicial proceeding, and (3) the need for disclosure outweighed the public interest in the material's continued secrecy.[8] *See In re Lynde*, 922 F.2d at 1451.

For these reasons, we affirm the district court's denial of Edge's Rule 6(e) motion.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Edge's Federal Rule of Criminal Procedure 6(e) motion, VACATE the district court's denial of Edge's Federal Rule of Civil Procedure 60(b) motions, and REMAND for entry of an order dismissing the Rule 60(b) motions for lack of jurisdiction. We

---

[8] On appeal, Edge's arguments are only marginally better. It appears as though he contends he was selectively prosecuted, that certain witnesses committed perjury, that government officials suborned and committed perjury, and that certain exculpatory evidence was withheld. Nevertheless, we need not reach his contentions on appeal. Edge makes no reference to any *valid* pending judicial proceeding nor any contention he is gathering evidence for any future judicial proceeding for which this grand jury testimony would be relevant. Further, although he states, in conclusory fashion, the grand jury testimony would reveal his allegations of misconduct, he fails to overcome the presumption against disclosure.

further DENY Edge's motion to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge