FILED
United States Court of Appeals
Tenth Circuit

May 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM HARRISON,

Defendant - Appellant.

No. 12-4204

(D. Utah)

(D.C. No. 2:07-CR-00053-DAK-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, and **ANDERSON** and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Appellant and defendant, William Harrison, proceeding *pro se*, appeals the denial of a "Motion for Clarification" he filed in the district court. For the following reasons, we affirm that denial.

## BACKGROUND

On January 4, 2007, Mr. Harrison and a co-defendant were named in a six-count indictment charging, *inter alia*, armed bank robbery, in violation of 18 U.S.C. § 2113, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). On March 24, 2009, Mr. Harrison pled guilty to two counts of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The other counts against him were ultimately dismissed.

Mr. Harrison signed a "Statement By Defendant in Advance of Plea of Guilty," in which he agreed that:

> on or about October 2, November 1, and December 1, 2006, in the District of Utah, during and in relation to crimes of violence, namely the bank robberies outlined in Counts I-III of the Indictment, I knowingly and intentionally, used and carried, and discharged a firearm, in violation of 18 U.S.C. § 924(c). Particularly, I entered the three banks, brandished a firearm, and fired a single round into the ceiling on each of the three occasions before demanding money from the banks' employees.

Statement at ¶ 12.

Under the terms of that Statement, Mr. Harrison agreed to plead guilty to Counts IV and V of the Indictment (the § 924(c) counts); to accept responsibility

-2-

for all three armed bank robberies, including restitution to the victims; and to waive his appellate rights. More particularly, with respect to his right to appeal, Mr. Harrison agreed to waive his "right to challenge [his] sentence, and the manner in which the sentence was determined, in any collateral review motion, writ or other procedure." Statement at ¶ 10.

In exchange for his plea, the government agreed to recommend, "pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure, that the defendant be sentenced to the minimum mandatory 10 years incarceration for Count IV and 25 years incarceration for Count V, for a total of 35 years." Statement at ¶ 13(B)(1). The district court accepted the plea and, on June 3, 2009, sentenced Mr. Harrison to thirty-five years' imprisonment. Mr. Harrison did not file a direct appeal.

On October 16, 2012 (some 3-½ years after his conviction), Mr. Harrison filed a "Motion for Clarification," in which he asked the district court to "clarify" its jurisdiction to convict and sentence him under § 924(c). Mr. Harrison did not identify a legal basis for bringing the motion, and he specifically stated that he was "not raising a 'claim.' He [was] only seeking clarification of this Court's jurisdiction. Therefore, this Court has no basis for contending that the motion should be treated like a habeas corpus [petition]." Motion for Clarification at 2. Mr. Harrison further made it clear that he was "not seeking relief from a federal judgment of conviction, therefore, it is not the equivalent of successful federal

habeas corpus petition, and so, is not subject to the restrictions on successive petitions in 28 U.S.C. [§ ]2244(b)." Id. at 2-3. Mr. Harrison's basic argument in his Motion was that because the government had agreed to dismiss the underlying bank robbery counts, there was no underlying crime for purposes of the firearms charges. This argument fails for a number of reasons.

## DISCUSSION

Mr. Harrison argues that the district court lacked jurisdiction to impose his sentence for violating 18 U.S.C. § 924(c) because there was no conviction for the underlying offenses of armed bank robbery. Mr. Harrison's motion is a collateral attack on his conviction and sentence, and would therefore, ordinarily, be properly brought under 28 U.S.C. § 2255. The district court refrained, however, from construing it as a § 2255 motion, at least in part because Mr. Harrison asked the court not to. See United States v. Graham, 248 Fed. Appx. 929, 932 (10th Cir. 2007) ( unpublished).[1]

Not construing the motion as a § 2255 motion had the effect, however, of rendering the court with no legal basis to consider it. Thus, the "only appropriate course of action open to the district court was to dismiss [Mr. Harrison's] motion

---

[1] A § 2255 motion in the circumstances of this case would most likely have been untimely.

for lack of jurisdiction." Graham, 248 Fed. Appx. at 931. The district court accordingly could have denied Mr. Harrison's motion on that basis.

Alternatively, the district court could have determined that Mr. Harrison had waived his argument by means of his plea of guilty, which included an appellate waiver. While a defendant cannot waive the right to appeal a judgment entered without jurisdiction, a defendant can waive a non-jurisdictional objection to his sentence. Despite Mr. Harrison's use of the term "jurisdiction" in this case, he is really arguing that "the factual basis for his plea is insufficient because the government failed to prove an essential element of the § 924(c) offenses once it dismissed the underlying armed bank robberies." Gov't's Br. at 8. "The absence of a required element 'is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case.'" United States v. Tony, 637 F.3d 1153, 1159 (10th Cir. 2011) (quoting United States v. Prentiss, 256 F.3d 971, 982 (10th Cir. 2001) (en banc)). Thus, arguably, because Mr. Harrison's claim is non-jurisdictional, he waived any argument about that claim when he pled guilty.[2]

Finally, Mr. Harrison's argument fails on its merits. The district court so held. Our cases support this conclusion. As we have stated, "[w]hile proof of the

---

[2]If we were to reject Mr. Harrison's motion on this basis or on the ground initially discussed above (the court lacked jurisdiction to rule on it), we would remand this matter to the district court for an appropriate order. For the sake of simplicity, we choose simply to affirm the district court's order, which rejected Mr. Harrison's argument on its merits.

underlying crime is necessary to convict under § 924(c), a defendant need not be convicted of the underlying crime in order to be convicted of § 924(c)." <u>United States v. Hill</u>, 971 F.2d 1461, 1464 (10th Cir. 1992) (en banc).  Mr. Harrison's admissions when he pled guilty supplied the factual basis to establish the underlying crimes of violence under § 924(c).  Nothing more was required.

## CONCLUSION

For the foregoing reasons, we AFFIRM the denial of Mr. Harrington's Motion for Clarification, and deny his motion for leave to proceed *in forma pauperis.*

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge