**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDRE J. TWITTY,

    Defendant - Appellant.

No. 20-1289
(D.C. No. 1:19-CR-00344-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

I.

In 2020, while serving his sentence on a 2016 conviction for mailing

threatening letters to a U.S. Attorney and a federal judge, Andre Twitty was

convicted in federal court in Colorado[1] of stalking by credible threat and repeated

communication after threatening officials of the Bureau of Prisons. The federal

conviction was based on Twitty's violation of Colorado's stalking statute, as

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] At the time of his 2020 conviction, Twitty was serving a sentence in the federal prison in Florence, Colorado, on both a 1999 conviction in the District of Georgia for making bomb threats and threatening federal law enforcement members and their families and his 2016 conviction in the District of Colorado.

assimilated into federal law by 18 U.S.C. § 13 (the Assimilated Crimes Act). Twitty appealed the conviction through counsel, and that appeal (No. 20-1083) is pending before this court. Among the issues raised in the appeal is whether Colorado's stalking statute is unconstitutional.

After he filed his direct appeal, Twitty filed in the district court a pro se motion for release pending appeal, citing 18 U.S.C. § 3143 and addressing the relevant bail factors. The district court denied the motion in a text-only order. Twitty did not appeal the district court's order. A month later, Twitty filed another pro se motion for release pending appeal, again citing § 3143 and addressing the relevant bail factors. The district court ordered the government to respond to address a recent Colorado Supreme Court case discussing the meaning of a "true threat" under Colorado's stalking statute. After the government did so, the district court denied the motion for release in another text-only order. Again, Twitty did not appeal.

Another month later, Twitty filed a pro se motion entitled "Motion for Relief From Judgement, Immediate Release, Brief in Support." The motion cited only Fed. R. Civ. P. 60(b)(3)-(4) and neither addressed the criteria for release in § 3143 nor mentioned either of Twitty's previous motions for release or the district court's denial of them. Rather, the motion argued under Rule 60(b)(3) that Twitty's conviction was obtained through fraud on the court and argued under Rule 60(b)(4) that the judgment of conviction is void because Colorado's stalking statute is unconstitutional. The motion concluded by arguing that because his conviction is

2

void, there is no legal basis for his imprisonment, so he should be released. The district court denied the motion the next day in a text-only order. Twitty then filed this appeal from that order, again proceeding pro se.

## II.

Before reaching the merits of Twitty's appeal, we must first decide whether it is barred by filing restrictions this court imposed on Twitty in 2011 in *Twitty v. Daniels*, 412 F. App'x 110 (10th Cir. 2011) (per curiam). Those restrictions, which resulted from Twitty's repeated frivolous challenges to his 1999 conviction, enjoined Twitty from "proceeding as a petitioner in an original proceeding or as an appellant in this court unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se." *Id.* at 112. Because Twitty filed this appeal pro se without asking the court's permission, we issued an order directing Twitty to show cause why the appeal should not be dismissed. Twitty responded. Keeping in mind this court's directive that filing restrictions should be narrowly tailored, including generally limiting them to the subject matter of past abuse, *see, e.g.*, *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008), we conclude that the show cause order should be discharged as to this appeal involving Twitty's new, 2020 conviction.

## III.

In its initial stages, this appeal proceeded in this court as though it were an appeal filed under Fed. R. App. P. 9 from the denial of a motion for release under 18 U.S.C. § 3143. The parties' briefs treat it as such and focus on the requirements

for release pending appeal under § 3143. But Twitty did not appeal from the district court's denial of either of his motions filed under § 3143; he appealed only from the district court's denial of his motion filed under Fed. R. Civ. P. 60(b). That motion did not seek release under § 3143 or mention the earlier § 3143 motions; it sought relief only as a function of Twitty's argument that his judgment of conviction was void under Rule 60(b)(4). Nor did the motion toll the time for Twitty to appeal the denial of his earlier § 3143 motions. A motion under Rule 60(b) is not one of the motions listed in Fed. R. App. P. 4(b)(3) that can toll the time for appeal in a criminal case. And, in any event, it was filed long after the time to appeal either of the § 3143 motions had expired. Accordingly, though the parties' appellate arguments focus on whether Twitty can satisfy the requirements for release under § 3143, the only question properly before this court is whether the district court correctly denied Twitty's Rule 60(b) motion.

IV.

At the time he filed his Rule 60(b) motion, Twitty had already filed an appeal from his conviction and sentence. "Typically, the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (brackets and internal quotation marks omitted). The pendency of an appeal doesn't deprive a district court of jurisdiction to rule on all matters. But none of the matters over which a district court may still retain jurisdiction in a criminal case include a Rule

4

60(b) motion. *See id.* at 1226-27. And Twitty's motion raised a matter squarely at issue in the appeal; namely, whether Colorado's stalking statute is unconstitutional.

Moreover, this and other courts have held that Rule 60(b), which is a rule of civil procedure, does not apply in criminal cases. *See, e.g.*, *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam); *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985); *United States v. Edge*, 315 F. App'x 92, 94-95 (10th Cir. 2009) (unpublished); *United States v. Spry*, 260 F. App'x 52, 54 (10th Cir. 2008) (unpublished); *United States v. Ramirez*, 211 F. App'x 712, 714 (10th Cir. 2007) (unpublished); *United States v. Triplett*, 166 F. App'x 362, 365 (10th Cir. 2006) (unpublished).[2] Rule 60(b) is not an independent source of jurisdiction in criminal cases, and Twitty has not identified any other source of district court jurisdiction. In light of Twitty's pending appeal, the district court had no jurisdiction to rule on Twitty's motion and should have dismissed it on that basis.

Accordingly, we vacate the district court's order denying Twitty's Rule 60(b) motion and remand for the district court to dismiss it for lack of jurisdiction. We deny the government's motion to supplement the record as moot. We construe

---

[2] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

Twitty's motion to supplement the record as a motion to supplement his brief on appeal and grant it.

Entered for the Court
Per Curiam