**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAR 29 2001**

**TENTH CIRCUIT**

JAMES JOSEPH OWENS,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

No. 00-1496
(District of Colorado)
(D.C. No. 99-S-794)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE,** and **MURPHY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James Joseph Owens-El,[1] a prisoner proceeding *pro se*, appeals the district court's dismissal of his Federal Tort Claims Act ("FTCA") complaint on the ground that the FTCA claims set forth in the complaint are barred by *res judicata*. Owens-El also seeks permission to proceed on appeal *in forma pauperis*. This court exercises jurisdiction pursuant to 28 U.S.C. 1291, grants Owens-El permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the appeal as frivolous pursuant to § 1915(e).

After Owens-El filed the instant complaint, it was referred to a magistrate judge for initial review pursuant to 28 U.S.C. § 636(b)(1)(B). After reviewing the complaint, the magistrate judge concluded that it contained factual allegations identical to those set forth in a previously-dismissed complaint also brought by Owens-El. Because the United States was in privity with the defendants in the previously-dismissed complaint, the magistrate judge recommended that all of the claims in the instant complaint be dismissed on the ground that they were barred by the doctrine of *res judicata*. After conducting a *de novo* review, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint on the basis of *res judicata*.

---

[1]In his original pleadings before the district court, appellant identified himself as James Joseph Owens. In all of his appellate filings, he refers to himself as James Joseph Owens-El. In deference to the appellant, this court will refer to him as Owens-El throughout this opinion.

Although Owens-El's prolix appellate brief is certainly hard to follow, this court has conducted a close review of the contentions contained therein. This court has also undertaken an independent comparison of the previously-dismissed complaint in civil case number 98-S-1854 and the instant complaint. That review demonstrates that the factual bases of the two complaints are, indeed, identical and that Owens-El has offered no cogent support for his bare assertion that the subject matter of the two complaints is different. In light of magistrate judge's patient explanation of the applicability of the doctrine of *res judicata* and Owens-El's failure to offer on appeal any legally justified basis for reversing the district court's order of dismissal, this court concludes that this appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2). Accordingly, the appeal is hereby **DISMISSED**. *See id.* This court's dismissal as frivolous counts as a strike pursuant to § 1915(g). Owens-El is reminded that if he accrues three strikes, he will no longer be allowed to bring a civil action *in forma pauperis* unless he is under "imminent danger of serious physical injury." *Id.* Owens-El is further reminded that he remains obligated to make partial payments of the appellate filing fee pursuant to § 1915(b) despite the dismissal of this appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

-3-