**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES JOSEPH OWENS-EL,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

Nos. 02-1281, 02-1296, 02-1297,
02-1299, 02-1300, 02-1301, 02-1302,
02-1317
D.C. Nos. 02-Z-269, 02-Z-216,
02-Z-391, 02-Z-392, 02-Z-673,
02-Z-394, 02-Z-393, 02-Z-691
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

Appellant James Joseph Owens-El appeals the dismissal of eight separate cases filed in the federal district court for the District of Colorado. Two of these cases were dismissed for appellant's failure to provide a clear and concise statement of his claims (Case Nos. 02-1281 & 02-1317); the remaining six were dismissed because of appellant's failure to make his initial partial payment of four

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dollars or show cause why he could not pay (Case Nos. 02-1296, 02-1297, 02-1299, 02-1300, 02-1301 & 02-1302). Because we find that appellant has already accumulated three strikes for filing frivolous actions or appeals in the courts of the United States, we DENY his motions to proceed in forma pauperis in all of his civil appeals. In Case No. 02-1317, to the extent that appellant has asserted habeas claims, we DENY a certificate of appealability under 28 U.S.C. § 2255 and AFFIRM the district court's dismissal of any 28 U.S.C. § 2241 claims.

The filing fees in appellant's civil appeals have not been paid. On July 2, 2002, the United States District Court for the District of Colorado denied appellant's motion for leave to proceed in forma pauperis on appeal in Case No. 02-1281. On July 17, 2002, it denied appellant's motion for leave to proceed in forma pauperis on appeal in Case Nos. 02-1296, 02-1297, 02-1299, 02-1300, 02-1301, and 02-1302. On July 25, 2002, it denied appellant's motion for leave to proceed in forma pauperis on appeal in Case No. 02-1317. Under the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners must pay the full amount of the filing fee. See 28 U.S.C. § 1915(b)(1). Appellant now moves this court to grant him leave to proceed in forma pauperis.

The "three strikes" provision of the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under this provision, we find that appellant, who is a federal prisoner at the Medical Center for Federal Prisoners at Springfield, Missouri, has accumulated three strikes.

In 1999, appellant's § 1983 action was dismissed as frivolous by a federal court in the District of Maryland. Owens v. Maryland, D.C. No. 98-CV-3943-JFM (D. Md. Dec. 16, 1998 & Feb. 1, 1999), aff'd, 181 F.3d 90 (4th Cir. 1999). This constitutes his first strike.

In March 2001, appellant's appeal of the district court's dismissal of his § 1983 action was also dismissed as frivolous. Owens v. United States, 6 Fed. Appx. 777, 777-78 (10th Cir. 2001), 2001 U.S. App. LEXIS 5208. This constitutes his second strike.

Finally, in August 2001, the Tenth Circuit dismissed Owens-El's appeal from the district court's dismissal of his 28 U.S.C. § 2241 habeas action. Owens-El v. Pugh, 16 Fed. Appx. 878, 879 (10th Cir. 2001), 2001 U.S. App. LEXIS 17287, cert. denied, 122 S. Ct. 1969 (2002). The court held that appellant "failed to demonstrate the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Id. Although frivolous habeas

petitions normally may not be counted as strikes under the PLRA, an action that is filed as a habeas petition, but which actually challenges conditions of confinement, may be counted. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 779 & n.2 (10th Cir. 1999) (a habeas petition more appropriately construed as a § 1983 action is "countable as a strike"). In Owens-El v. Pugh, the district court dismissed Owens-El's claims "under 28 U.S.C. § 1915(e)(2)(B), concluding that they were factually frivolous." Owens-El v. Pugh, 16 Fed. Appx. at 879. The Tenth Circuit affirmed the frivolity of the claims and held that the action was more properly construed as a civil rights action because it challenged the conditions of confinement. Id. Thus, the dismissal of this appeal as frivolous constitutes the third strike against Owens-El.

Based on appellant's three strikes under § 1915(g), we DENY his motion to proceed in forma pauperis in Case Nos. 02-1281, 02-1296, 02-1297, 02-1299, 02-1300, 02-1301, and 02-1302 . Consequently, appellant shall show cause in writing within twenty days of the date of this order why 1) the appeal should not be dismissed for failure to prepay the entire filing fees as required by 28 U.S.C. § 1915(g), or 2) why the provisions of the Prison Litigation Reform Act do not apply to this proceeding.

The three strikes provision of 28 U.S.C. § 1915(g) does not apply to appeals from the dismissal of habeas petitions. Jennings, 175 F.3d at 779. Case

No. 02-1317 was docketed as a § 2241 habeas action; however, the district court concluded that the complaint improperly alleged additional claims under §§ 2255 and 1983. (Order of June 11, 2002 at 1-3.) It dismissed the case because Owens-El failed to comply with the magistrate judge's order to assert his claims clearly and concisely and provide specific factual support for each claim. (Id. at 3.) Appellant argues on appeal that the district court lied in its order about his failure to provide a clear, concise statement of his case in his amended pleading. (Aplt. Br. at 3.) This argument is frivolous. To the extent Owens-El has alleged any habeas claims under § 2255, we DENY a certificate of appealability and dismiss those claims. We AFFIRM the district court's dismissal of appellant's § 2241 claims for failure to state a claim.

All other motions filed by appellant, including his motion to appoint counsel and motion for supersedeas bond, are DENIED. Appellant has accumulated three strikes pursuant to § 1915(g) and may not bring any civil action or appeal in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge