FILED
United States Court of Appeals
Tenth Circuit

June 19, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

ANDRE J. TWITTY,

    Petitioner-Appellant,

v.

RONNIE WILEY,

    Respondent-Appellee.

No. 09-1107

(D.C. No. 1:08-CV-02823-ZLW)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE, HOLLOWAY** and **EBEL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Andre J. Twitty, a federal prisoner appearing pro se,[1] seeks review of the district court's dismissal of his application for a writ of habeas corpus pursuant to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] As he is proceeding pro se, we have construed Twitty's pleadings liberally. Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

28 U.S.C. § 2241. This case is one in a long series of actions brought by Twitty to challenge his conviction and sentence. After a careful review of Twitty's brief, the record on appeal, and the district court's disposition, we affirm. Additionally, Twitty's request for leave to proceed on appeal in forma pauperis is denied.

In 1999, a jury convicted Twitty of wilfully communicating a bomb threat via the telephone and threatening federal law enforcement officers and their immediate family members. He was sentenced to 180 months' imprisonment and three years of supervised release. His conviction and sentence were affirmed on direct appeal. United States v. Twitty, No. 99-12706, 31 Fed. App'x 934 (11th Cir. Jan. 8, 2002) (unpublished table decision), cert. denied, 535 U.S. 1029 (2002). Twitty has since filed numerous petitions for relief under 28 U.S.C. §§ 2241 and 2255.

Although Twitty's opening brief purports to seek relief under § 2241, the district court correctly noted that "[i]n the instant action Mr. Twitty once again attacks his conviction and sentence." Dist. Ct. Order of Feb. 13, 2009, at 3. Twitty alleges (1) actual innocence, (2) "no adequate remedy" due to "criminal violations during direct appeal" committed by the Eleventh Circuit that render his judgment "void," and (3) a "criminal cover-up by all involved." Aplt. Br. at 2. These allegations attack Twitty's conviction and cannot be addressed under § 2241. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity

2

. . . .").

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). The § 2255 remedy will be inadequate or ineffective only in "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that Twitty was previously denied relief under § 2255, see, e.g., United States v. Twitty, No. 1:06-cv-2900, 2007 WL 4125637 (N.D. Ga. Oct. 31, 2007) (unpublished) (denying Twitty's fourth motion to that court styled under § 2255), and may be barred from filing a successive § 2255 petition does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. Caravalho, 177 F.3d at 1178. Additionally, the fact that Twitty's previous filings pursuant to § 2255 did not result in the outcome he had hoped for does not establish that § 2255 did not provide an opportunity for Twitty to challenge his conviction and sentence. Because Twitty challenges the validity of his judgment and sentence and has not demonstrated that he lacked an adequate and effective remedy under § 2255, the district court correctly denied his petition under § 2241.

Finally, we deny Twitty's motion to proceed in forma pauperis.[2] We have

---

[2] Although Twitty has "three strikes" under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g), the three-strike restriction does not apply to § 2241 petitions. Jennings v. Natrona County Det. Ctr. Med. Fac., 175 F.3d 775, 780-81 (10th Cir. 1999). However, Twitty is cautioned to refrain from further filings

(continued...)

3

reviewed his opening brief and cannot discern a reasoned, non-frivolous argument on the law and facts in support of the issues he proposes to raise. His request to proceed in forma pauperis is denied. 28 U.S.C. § 1915(e)(2)(B).

The district court's judgment is AFFIRMED. The request to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2](...continued)
pursuant to § 2241 which attempt to challenge this same conviction and sentence. This court has the authority to limit Twitty's access to the court when his filings are only a repeat of pleadings previously filed. Tripati v. Beaman, 878 F.2d 351, 353-54 (10th Cir. 1989).