FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDRE J. TWITTY,

      Petitioner-Appellant,

v.

RONNIE WILEY,

      Respondent-Appellee.

No. 09-1008

(D.C. No. 1:08-CV-02119-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLLOWAY** and **EBEL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Andre J. Twitty, a federal prisoner appearing pro se, seeks review of the district court's dismissal of his action alleging Fifth and Eighth Amendment violations. After a careful review of Twitty's brief, the record on appeal, and the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court's disposition, we affirm. Additionally, Twitty's request for leave to proceed on appeal in forma pauperis is denied.

In 1999, a jury convicted Twitty of wilfully communicating a bomb threat via the telephone and threatening federal law enforcement officers and their immediate family members. He was sentenced to 180 months' imprisonment and three years of supervised release. His conviction and sentence were affirmed on direct appeal. United States v. Twitty, No. 99-12706, 31 Fed. App'x 934 (11th Cir. Jan. 8, 2002) (unpublished table decision), cert. denied, 535 U.S. 1029 (2002). Twitty has since filed numerous petitions for relief under 28 U.S.C. §§ 2241 and 2255.

The district court identified deficiencies in Twitty's pleadings, titled "Motion to Reverse Illegal Conviction, Judgment Void, Lack of Subject Matter, Want of Jurisdiction Brief in Support" and "Motion to Vacate Illegal Conviction, Judgment Void, Want of Jurisdiction, Recusal of Judge(s) Weinshienk Boland Pursuant to 28 U.S.C. § 144, 455(a), Brief in Support," and gave Twitty thirty days to cure the deficiencies. Specifically, Twitty was instructed to either pay the five dollar filing fee or submit on the proper court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Twitty was also instructed to submit on the proper court-approved form an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. While Twitty complied with some of the court's instructions, he failed within the time allowed to submit

2

the required certified copy of his trust fund account statement for the six-month period immediately preceding his filing.[1]  The district court denied Twitty's § 2241 application and dismissed the action without prejudice for failure to cure all of the enumerated deficiencies.

Twitty's opening appellate brief merely lists constitutional amendments and cases, and repeatedly advises us to "read the record and files and law" and "read the file."  Aplt. Br. at 2, 4.  Although Haines v. Kerner, 404 U.S. 519 (1972), requires our liberal reading of pro se pleadings, the petitioner must give us something to read liberally.  We cannot create an argument for a petitioner where no hint of an argument is provided.  Twitty provides no argument in support of the issues raised.  Such briefing is inadequate to challenge the rulings made by the district court.

Rule 28 of the Federal Rules of Appellate Procedure requires the appellant to submit a brief with "argument, which must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(9)(A).  Furthermore, "[w]e do

---

[1] Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires an inmate to file "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Rule 1(b) applies this rule to other habeas corpus applications, including one pursuant to 28 U.S.C. § 2241.  The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action notes the requirement for a certified copy of an inmate's trust fund account.

not consider merely including an issue within a list to be adequate briefing."

Utahns for Better Transp. v. U.S. Dep't of Transp., 305 F.3d 1152, 1175 (10th

Cir. 2002).  Accordingly, we affirm the district court's denial of Twitty's § 2241

application and its dismissal of this action without prejudice.

Finally, we deny Twitty's motion to proceed in forma pauperis.[2]  We have

reviewed his opening brief and cannot discern a reasoned, non-frivolous argument

on the law and facts in support of the issues he proposes to raise.  His request to

proceed in forma pauperis is denied.  28 U.S.C. § 1915(e)(2)(B).

The judgment of the district court is AFFIRMED.  The request to proceed

in forma pauperis on appeal is DENIED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2] Although Twitty has "three strikes" under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g), the three-strike restriction does not apply to § 2241 petitions.  Jennings v. Natrona County Det. Ctr. Med. Fac., 175 F.3d 775, 780-81 (10th Cir. 1999).  However, Twitty is cautioned to refrain from further filings pursuant to § 2241 which attempt to challenge this same conviction and sentence. This court has the authority to limit Twitty's access to the court when his filings are only a repeat of pleadings previously filed.  Tripati v. Beaman, 878 F.2d 351, 353-54 (10th Cir. 1989).

4