FILED
United States Court of Appeals
Tenth Circuit

January 12, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDRE J. TWITTY, a/k/a ANDRE
TWITTY, a/k/a A.J. TWITTY,

        Petitioner-Appellant,

v.

C.D. DANIELS,

        Respondent-Appellee.

No. 10-1198
(D.C. No. 1:10-CV-00634-ZLW)
(D. of Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Andre J. Twitty, a federal prisoner proceeding pro se,[1] appeals the denial of

his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Twitty is proceeding pro se, we construe his filings liberally.
*See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

jurisdiction under 28 U.S.C. § 1291, we AFFIRM. Because of Twitty's pattern of pervasive and abusive litigation, we also impose restrictions on his future filings.

## I. Background

In 1999, following a jury trial in the Northern District of Georgia, Twitty was convicted of wilfully communicating a bomb threat via telephone and threatening federal law enforcement officers and their immediate family members. He was sentenced to 180 months' imprisonment and three years of supervised release.

On direct appeal, the Eleventh Circuit affirmed his conviction and sentence. *United States v. Twitty*, 31 F. App'x 934 (11th Cir. 2002), *cert. denied* 535 U.S. 1029 (2002). In 2002 Twitty applied for a writ of habeas corpus under 28 U.S.C. § 2255, which the district court denied. The Eleventh Circuit subsequently denied a certificate of appealability. *Twitty v. United States*, No. 04-12805 (11th Cir. April 25, 2005).

Since then, Twitty has filed eleven petitions challenging his conviction and sentence in the District of Colorado, including the instant claim.[2] He has pursued

---

[2] *See Twitty v. Davis*, No. 10-cv-01676-ZLW (D. Colo. Aug. 23, 2010), *appeal filed*, No. 10-1409 (10th Cir. Nov. 5, 2010); *Twitty v. Davis*, No. 10-cv-01356 (D. Colo. June 22, 2010); *Twitty v. Daniels*, No. 10-cv-00888-ZLW (D. Colo. Apr. 27, 2010); *Twitty v. Davis*, No. 09-cv-02538-ZLW (D. Colo. Jan. 11, 2010)*; Twitty v. Wiley*, No. 09-cv-00906-ZLW (D. Colo. June 24, 2009); *Twitty v. Wiley*, No. 08-cv-02717-ZLW (D. Colo. Mar. 25, 2009); *Twitty v. Wiley*, No. 08-cv-02823-BNB (D. Colo. Feb. 13, 2009), *aff'd*, No. 09-1107 (10th Cir. June 19, 2009); *Twitty v. Wiley*, No. 08-cv-02119-ZLW (D. Colo. Nov. 17, 2008), *aff'd*,

(continued...)

many of these petitions on appeal. Each petition has been unsuccessful.

The district court dismissed the petition at issue here on the grounds that § 2241 is not a means of challenging the validity of a judgment. The court explained that "a petition under § 2241 attacks the execution of a sentence rather than its validity," and that "[t]he exclusive remedy for testing the validity of a judgment and sentence" is a § 2255 petition filed in the district where the sentence was imposed. R. Vol. 1 at 27 (quotations omitted). The district court also denied Twitty's motion to reconsider and his motion to appeal *in forma pauperis*.

## II. Discussion

### A. The District Court's Denial

We review de novo the district court's denial of a § 2241 petition. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

After careful review of Twitty's brief on appeal, his habeas petition, and the disposition below, we affirm the dismissal for substantially the same reasons articulated by the district court. On appeal Twitty attacks his conviction and sentence on the grounds of prosecutorial misconduct and actual innocence. He

---

[2](...continued)
No. 09-1008 (10th Cir. June 19, 2009); *Twitty v. Wiley*, No. 07-cv-02441-ZLW (D. Colo. Mar. 3, 2008), *appeal dismissed*, No. 08-1118 (10th Cir. June 11, 2008), *appeal dismissed*, No. 08-1277 (10th Cir. Oct. 29, 2008); *Twitty v. Wiley*, No. 06-cv-00177-ZLW (D. Colo. Mar. 29, 2006), *aff'd*, No. 06-1234 (10th Cir. July 17, 2006), *cert. denied* No. 06-6290, 549 U.S. 968 (Oct. 10, 2006).

further alleges the Eleventh Circuit engaged in a "judicial coverup." As a challenge to the validity of his conviction and sentence, his petition is not properly made under § 2241. If Twitty wishes to pursue these claims, he has an adequate and effective remedy under § 2255 in the United States District Court for the Northern District of Georgia.

## B. Filing Restrictions

This is not the first time in Twitty's extensive litigation history that he has inappropriately raised some version of these claims in a § 2241 petition. *See Twitty v. Wiley*, 336 F. App'x 768, 769 (10th Cir. 2009) ("Although Twitty's opening brief purports to seek relief under § 2241, the district court correctly noted that [in] the instant action Twitty once again attacks his conviction and sentence.") (quotations omitted). In a recent appeal, we cautioned Twitty that if he persisted in filing frivolous appeals or reasserting issues ruled upon in prior litigation, his access to this court would be restricted. *Twitty v. Wiley*, 332 F. App'x 523, 525 n.2 (10th Cir. 2009). Since then, Twitty has filed five similar suits, each attacking his conviction and sentence.

Because we find this appeal frivolous and Twitty's pattern of litigation activity manifestly abusive, we conclude filing restrictions are necessary. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir.

-4-

1994) (per curiam) (quotation and alteration omitted). "[W]here, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate." *Id.* (quotation omitted). Therefore, subject to Twitty's opportunity to object, as described below, we impose the following reasonable restrictions on his future filings in this court "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction." *Id.* (quoting 28 U.S.C. § 1651(a)).

Twitty is ENJOINED from proceeding as a petitioner in an original proceeding or as an appellant in this court unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se.

To obtain permission to proceed pro se, Twitty must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se action;

2. Include in the petition the following information:

A. A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and

B. A list apprising this court of all outstanding injunctions or orders limiting Twitty's access to federal court, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues Twitty seeks to present, including a short discussion of the legal basis for these claims, and describes with particularity the order being challenged. The affidavit also must certify, to the best of Twitty's knowledge, that (1) the legal arguments being raised are not frivolous or made in bad faith and that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) the appeal or other proceeding is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation; and (3) Twitty will comply with all appellate and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the Chief Judge or her designee for review to determine whether to allow the appeal to proceed on a pro se basis. If the Chief Judge or her designee does not approve the appeal, the matter will be dismissed. If the Chief Judge or her designee approves the filing, an order will be entered indicating the

-6-

appeal shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Twitty shall have ten days from the date of this order to file written objections to these proposed sanctions. *See Winslow,* 17 F.3d at 316. The response shall be limited to ten pages. If Twitty does not file objections, the restrictions shall take effect twenty days from the date of this order, and they shall apply to any matter filed after that time. *See id.* at 316–17. If Twitty does file timely objections, these sanctions shall not take effect until this court has ruled on those objections.

### III. Conclusion

Accordingly, we AFFIRM the district court's denial of Twitty's habeas petition. We also DENY Twitty's request for leave to proceed on appeal *in forma pauperis*, as his opening brief does not make a reasoned non-frivolous argument in support of his claim.

Entered for the Court,

Per Curiam