FILED
United States Court of Appeals
Tenth Circuit

January 12, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDRE J. TWITTY, a/k/a ANDRE
TWITTY, a/k/a A.J. TWITTY,

Petitioner-Appellant,

v.

BLAKE DAVIS; CHARLES
DANIELS, named as BLAKE
DANIELS,

Respondent-Appellee.

No. 10-1409
(D.C. No. 1:10-CV-01676-ZLW)
(D. of Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Andre J. Twitty, a federal prisoner proceeding pro se,[1] appeals the denial of

his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Twitty

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Twitty is proceeding pro se, we construe his filings liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

also submits a motion for release pending the outcome of this appeal. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's decision and DENY Twitty's motion for release.

## I. Background

In 1999, following a jury trial in the Northern District of Georgia, Twitty was convicted of wilfully communicating a bomb threat via telephone and threatening federal law enforcement officers and their immediate family members. He was sentenced to 180 months' imprisonment and three years of supervised release. The Eleventh Circuit affirmed his conviction and sentence. *United States v. Twitty*, 31 F. App'x 934 (11th Cir. 2002), *cert. denied* 535 U.S. 1029 (2002).

In 2002 Twitty applied for a writ of habeas corpus under 28 U.S.C. § 2255, which the district court denied. The Eleventh Circuit subsequently denied a certificate of appealability. *Twitty v. United States*, No. 04-12805 (11th Cir. April 25, 2005).

Since then, Twitty has filed eleven petitions challenging his conviction and sentence in the District of Colorado, including the instant claim.[2] He has pursued

---

[2] *See Twitty v. Davis*, No. 10-cv-01356 (D. Colo. June 22, 2010); *Twitty v. Daniels*, No. 10-cv-00888-ZLW (D. Colo. Apr. 27, 2010); *Twitty v. Davis*, No. 10-cv-000634 (D. Colo. Mar. 31, 2010), *appeal filed*, No. 10-1198 (10th Cir. May 3, 2010)*; Twitty v. Davis*, No. 09-cv-02538-ZLW (D. Colo. Jan. 11, 2010)*; Twitty v. Wiley*, No. 09-cv-00906-ZLW (D. Colo. June 24, 2009); *Twitty v. Wiley*, No. 08-cv-02717-ZLW (D. Colo. Mar. 25, 2009); *Twitty v. Wiley*, No. 08-cv-02823-
(continued...)

many of these petitions on appeal. Each petition has been unsuccessful.

The district court dismissed the petition at issue here on the grounds that § 2241 is not a means of challenging the validity of a judgment. The court explained that "a petition under § 2241 attacks the execution of a sentence rather than its validity," and that "[t]he exclusive remedy for testing the validity of a judgment and sentence" is a § 2255 petition filed in the district where the sentence was imposed. R. Vol. 1 at 27 (quotations omitted). The district court also denied Twitty's motion to appeal *in forma pauperis*.

## II. Discussion

### A. The District Court's Denial

We review de novo the district court's denial of a § 2241 petition. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

After careful review of Twitty's brief on appeal, his habeas petition, and the disposition below, we affirm the dismissal for substantially the same reasons set forth in *Twitty v. Daniels*, No. 10-1198 (10th Cir. Jan.12, 2011).

### B. Motion for Release

---

[2](...continued)
BNB (D. Colo. Feb. 13, 2009), *aff'd*, No. 09-1107 (10th Cir. June 19, 2009); *Twitty v. Wiley*, No. 08-cv-02119-ZLW (D. Colo. Nov. 17, 2008), *aff'd*, No. 09-1008 (10th Cir. June 19, 2009); *Twitty v. Wiley*, No. 07-cv-02441-ZLW (D. Colo. Mar. 3, 2008), *appeal dismissed*, No. 08-1118 (10th Cir. June 11, 2008), *appeal dismissed*, No. 08-1277 (10th Cir. Oct. 29, 2008); *Twitty v. Wiley*, No. 06-cv-00177-ZLW (D. Colo. Mar. 29, 2006), *aff'd*, No. 06-1234 (10th Cir. July 17, 2006), *cert. denied* No. 06-6290, 549 U.S. 968 (Oct. 10, 2006).

Because we find Twitty's appeal is without merit, we also deny his motion for release pending appeal as moot.

## C. Filing Restrictions

"The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (quotation and alteration omitted). "[Where] a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate." *Id.* (quotation omitted). Because Twitty's frequent and frivolous filings are abusive, we concluded in a related appeal that filing restrictions are necessary. *See Twitty v. Daniels*, No. 10-1198 (10th Cir. Jan.12, 2011). We will not repeat our discussion of the restrictions here, but only remind Twitty that these restrictions will take effect twenty days from the date of the order or, if he objects within ten days, after the court has ruled on his objections.

## III. Conclusion

Accordingly, we AFFIRM the district court's denial of Twitty's habeas petition. We also DENY Twitty's request for leave to proceed on appeal *in forma pauperis* as his opening brief does not make a reasoned non-frivolous argument in support of his claim.

Entered for the Court,

Per Curiam

-4-