FILED
United States Court of Appeals
Tenth Circuit

February 13, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES AL-PINE,

      Petitioner - Appellant,

v.

KENDALL RICHERSON,

      Respondent - Appellee.

No. 18-2142
(D.C. No. 1:18-CV-00751-KG-KK)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner-Appellant Charles Al-Pine filed a petition for habeas relief under

28 U.S.C. § 2241. The district court denied his request to proceed *in forma*

*pauperis* ("IFP") for failure to satisfy requirements found in 28 U.S.C. § 1915(g).

But these requirements apply only to "civil actions," and we have held that a

§ 2241 action is not a "civil action" for these purposes. Exercising jurisdiction

under 28 U.S.C. § 1291, we accordingly **reverse** the district court's order denying

---

[*]     After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Al-Pine's application to proceed IFP.  However, because Mr. Al-Pine's petition was filed in the wrong district, we remand with instructions to either dismiss Mr. Al-Pine's petition or transfer it to the proper district.  Finally, we **grant** Mr. Al-Pine's motion to proceed IFP on appeal.

# I

On August 3, 2018, Mr. Al-Pine, a pro-se inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District of New Mexico.  The petition identifies Mr. Al-Pine's address as Iowa Park, Texas, and names as respondent Mr. Kendall Richerson, also of Iowa Park, Texas.

Five days later, on August 8, a magistrate judge ordered Mr. Al-Pine—purportedly pursuant to 28 U.S.C. § 1915(a)(2)[1]—to pay the full five-dollar filing fee or to submit an application to proceed without prepaying fees that included a certified copy of Mr. Al-Pine's inmate account statement for the preceding six-month period.  The magistrate judge gave Mr. Al-Pine thirty days to comply with this order.  And the magistrate judge reminded Mr. Al-Pine that

---

[1]     28 U.S.C. § 1915(a)(2) provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph [§ 1915(a)](1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal . . . .

because he had more than three strikes under 28 U.S.C. § 1915(g),[2] he would not be allowed to proceed without prepayment of fees unless he was in imminent danger of serious physical injury.

On August 20, within the magistrate judge's deadline, Mr. Al-Pine filed a document that was labeled with the same case number that had been assigned to his original petition, as well as an application to proceed IFP. The district court reasonably viewed the document as a response to the magistrate judge's order.[3]

---

[2]  28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[3]  The document that Mr. Al-Pine filed along with his IFP application contains some language suggesting that Mr. Al-Pine actually intended the document to commence a separate § 2241 action—that is, to constitute a separate § 2241 petition. And Mr. Al-Pine later sent the court a letter complaining that the document should have been treated as a separate, additional § 2241 petition. However, that document evinced on its face the case number that the district court had assigned to the original petition. This number was handwritten—presumably, by Mr. Al-Pine's own hand. And the document was filed within the time allotted by the magistrate judge's order. Accordingly, the district court reasonably construed that document as being filed by Mr. Al-Pine in response to the magistrate judge's order in the existing action. If Mr. Al-Pine intended a different result, his conduct did not sufficiently convey that intent. Therefore, for purposes of our resolution of this appeal, the sole, operative petition is the one filed on August 3, and we deem the document subsequently filed on August 20 as

(continued...)

3

However, notably, neither this document nor the IFP application addressed the § 1915(g) three-strike concern raised by the magistrate judge's order.

The district court concluded—purportedly pursuant to § 1915(g)—that Mr. Al-Pine's filings were inadequate under that statute because "[n]either [Mr. Al-Pine]'s response nor his Application to Proceed allege or support any inference that [Mr.] Al-Pine is in imminent danger of serious physical injury." R. at 29 (Order Den. App. to Proceed in Dist. Ct. Without Prepaying Fees, filed Sept. 4, 2018). In light of this ostensible failure to satisfy § 1915(g)'s requirements, the court denied Mr. Al-Pine permission to proceed IFP and indicated that unless he paid the five-dollar filing fee within thirty days, his suit may be dismissed.

Mr. Al-Pine filed a timely notice of appeal.

## II

Although the district court's denial of Mr. Al-Pine's motion to proceed IFP "is not a final order," the "denial by a District Judge of a motion to proceed [IFP] is an appealable order" that we have jurisdiction to review under 28 U.S.C.

---

[3](...continued)
relating to that petition. In any event, even if the district court (understandably) made a mistake in construing Mr. Al-Pine's August 20 filing as relating to his August 3 § 2241 petition, rather than as a separate § 2241 petition, Mr. Al-Pine would not be materially prejudiced by the mistake. As discussed *infra*, the district court did not have jurisdiction to award Mr. Al-Pine relief under § 2241 regarding his August 3 filing. This holding would apply equally to any ostensibly separate § 2241 petition that Mr. Al-Pine filed with the court. In other words, in no event could Mr. Al-Pine secure relief from the district court with respect to any such separate petition.

§ 1291. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310–11 (10th Cir. 2005) (quoting *Roberts v. United States Dist. Court*, 339 U.S. 844, 845 (1950) (per curiam) (citing 28 U.S.C. § 1291)). Moreover, because the district court's ruling was "not a final order," *id.*, Mr. Al-Pine was not required to seek a certificate of appealability before appealing from that order. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a certificate of appealability to appeal from a "*final* order in a habeas corpus proceeding" (emphasis added)); *Harbison v. Bell*, 556 U.S. 180, 183 (2009); *accord Wolfe v. Bryant*, 678 F. App'x 631, 634 (10th Cir.) (unpublished) (collecting cases), *cert. denied*, 138 S. Ct. 92 (2017). We thus have jurisdiction to consider this appeal.

### III

We conclude that the district court erred, as a matter of law, in applying § 1915(g)'s requirements to Mr. Al-Pine's § 2241 petition and thus abused its discretion. But because Mr. Al-Pine filed his petition in the wrong district, we remand with directions to dismiss the petition or to transfer it to the appropriate district.

### A

"[W]e review the district court's denial of [IFP] status for an abuse of discretion." *Lister*, 408 F.3d at 1312. "[A] district court always abuses its discretion when it errs on a legal question, and we decide the presence or absence

5

of legal error de novo." *El Encanto, Inc. v. Hatch Chile Co.*, 825 F.3d 1161, 1162 (10th Cir. 2016).

## B

We have previously held that the IFP requirements of § 1915(g) do not apply to habeas proceedings such as those brought under § 2241 because those proceedings are not "civil actions" within the meaning of that statute. *See United States v. Simmonds*, 111 F.3d 737, 743 (10th Cir. 1997) (reasoning § 1915(g) does not extend to § 2255 proceedings because the phrase "civil action" "was not meant to apply to habeas corpus"), *overruled in en banc footnote on other grounds by United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003); *accord Twitty v. Wiley*, 332 F. App'x 523, 524 n.2 (10th Cir. 2009) (unpublished) ("Although Twitty has 'three strikes' under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g), the three-strike restriction does not apply to § 2241 petitions."); *Owens-El v. United States*, 49 F. App'x 247, 249 (10th Cir. 2002) (unpublished) ("The three strikes provision of 28 U.S.C. § 1915(g) does not apply to appeals from the dismissal of habeas petitions."). Thus, we conclude that the district court committed legal error, and thereby abused its discretion, in requiring Mr. Al-Pine to satisfy § 1915(g).

## C

Although the district court erred in requiring Mr. Al-Pine to satisfy

6

§ 1915(g)'s requirements, it did not have jurisdiction in any event to grant § 2241 relief. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition *in the district of confinement*." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (emphasis added). Jurisdiction over § 2241 petitions "lies in only one district: the district of confinement." *Id.* at 443. Mr. Al-Pine is confined in Texas but filed this petition in New Mexico. Thus, the district court could not grant his § 2241 petition.[4]

Mr. Al-Pine briefly argues that venue was appropriate in the District of New Mexico under 28 U.S.C. § 1391 because his "property" is the "U.S. Bill of Rights," which is located "all 'over' the United[] States[] of America!" Aplt.'s Opening Br. at 3. This particular argument borders on the fatuous. A case relied on by Mr. Al-Pine to support it, *Mitrano v. Hawes*, 377 F.3d 402 (4th Cir. 2004), is patently inapposite: the case did not involve a § 2241 proceeding, and the plaintiff there had an arguably material connection to the judicial district where he brought suit (i.e., he performed work there), a connection which Mr. Al-Pine

_____

[4]    "The word 'jurisdiction,' of course, is capable of different interpretations." *Padilla*, 542 U.S. at 434 n.7. And in *Padilla*, the Supreme Court made clear that, as relevant here, the Court was using the word "jurisdiction" "in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court." *Id.* Thus, while we say here that the district court did not have jurisdiction to grant § 2241 relief, the court did have subject-matter jurisdiction over the action and was able to dismiss on an alternative ground.

7

has not demonstrated.  *Id.* at 406.

Thus, on remand, the district court should take a "quick look at the merits"
before deciding whether to transfer the case under 28 U.S.C. § 1631 or dismiss
the petition outright.  *Haugh v. Booker*, 210 F.3d 1147, 1150–51 (10th Cir. 2000).

**IV**

Because Mr. Al-Pine has demonstrated both "a financial inability to pay the
required [filing] fees and the existence of a reasoned, nonfrivolous argument on
the law and facts in support of the issues," *Watkins v. Leyba*, 543 F.3d 624, 627
(10th Cir. 2008) (alteration in original) (quoting *McIntosh v. U.S. Parole
Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)), namely that § 1915(g) does not
apply to his habeas petition, we grant his application to proceed IFP on appeal
under 28 U.S.C. § 1915(a)(1).[5]

**V**

For the foregoing reasons, we **REVERSE** the district court's order denying
Mr. Al-Pine's application to proceed IFP.  However, because Mr. Al-Pine's
petition was filed in the wrong district, we **REMAND** with instructions to either

---

[5]  While § 1915(g) and § 1915(a)(2) do not apply to habeas petitions,
courts may still grant IFP status to habeas petitioners under § 1915(a)(1)'s
broader language allowing courts to authorize the commencement "of any suit,
action or proceeding, civil or criminal, or appeal" without prepayment if an
affidavit is submitted.  28 U.S.C. § 1915(a)(1); *see Yang v. Archuleta*, 525 F.3d
925, 931 n.10 (10th Cir. 2008) (granting IFP status to § 2254 petitioner); *accord
Hayes v. Bear*, 739 F. App'x 930, 931–32 (10th Cir. 2018) (unpublished)
(granting IFP status to § 2241 petitioner under § 1915(a)(1)).

dismiss the petition or to transfer it to the appropriate district.  Finally, we

**GRANT** Mr. Al-Pine's motion to proceed IFP on appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge